```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

VENGAI CHIKONYERA,                :
                                  :
        Petitioner,                :CIVIL ACTION NO. 3:05-CV-1366
                                  :
        v.                         :(JUDGE CONABOY)
                                  :(Magistrate Judge Blewitt)
Chester County District Attorney, :
et al.,                           :
                                  :
        Respondents.               :
                                  :
_____

**MEMORANDUM AND ORDER**

   Here we consider Magistrate Judge Thomas M. Blewitt's Report and Recommendation, (Doc. 4), in which he recommends transfer of Petitioner's habeas action filed pursuant to 28 U.S.C. § 2254 to the United States District Court for the Eastern District of Pennsylvania.  Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation on July 26, 2005.  (Doc. 5.) Respondents have not filed a response and the time for such filing has passed.  *See* Local Rule 72.2, Local Rules of Court of the Middle District of Pennsylvania.  Therefore, this matter is now ripe for disposition.

   When objections are filed to a Report and Recommendation, the district court reviews *de novo* those findings to which objection has been made.  28 U.S.C. § 636(b)(1); *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).  Therefore, we will review *de novo* the issues raised in

1

Petitioner's objections.

## I. Background[1]

In this habeas petition, Petitioner challenges various aspects of his guilty plea for simple assault and the resulting sentence imposed in the Court of Common Pleas in Chester County, Pennsylvania, on October 31, 2004.  Petitioner was sentenced to fifty-one days time served and twenty-four months less one day probation.  The underlying incident was an altercation with Petitioner's wife.  He asserts that her injuries were the result of her aggression toward him, she was forced to file charges and was not allowed to terminate the proceedings against him.  He further alleges that there was no factual basis for his plea and counsel was ineffective.

Petitioner is currently in the custody of the Bureau of Immigration and Custody Enforcement ("B.I.C.E.") at York County Prison, York County, Pennsylvania.[2]  He avers that he is suffering the consequences of his guilty plea because his simple assault charge is classified as an aggravated felony for immigration

---

[1] These background facts are derived primarily from Petitioner's habeas petition, (Doc. 1).

[2] Petitioner filed a 28 U.S.C. § 2241 action in this Court challenging his detention and pending deportation.  *See* 03:04-CV-2193.  This case is closed, having been denied in part and remanded to the Board of Immigration Appeals for consideration of certain issues.

purposes.[3]

## II. Discussion

The Magistrate Judge recommends transfer of this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).  (Doc. 4.)

---

   [3]  In this Court's Order of August 4, 2005, (Doc. 42), in which we requested a supplemental status report from the respondents, the Court addressed the aggravated felony issue:

> We further request that, in pursuing the additional information from the Bureau, Respondents consider and ascertain the possible impact of the Third Circuit Court of Appeals decision in *Popal v. Gonzales*, No. 04-2048, —F.3d-, 2005 WL 1791998 (3d Cir. July 29, 2005).  *Popal* held that the crime of simple assault in Pennsylvania is not a crime of violence under 18 U.S.C. § 16(b), and, therefore, an alien convicted of the offense cannot be considered an aggravated felon for removal purposes.  *Popal,* 2005 WL 1791998, at \*\*3-4.  We recognize that here Petitioner's removal is not based on aggravated felon status.  However, the record reveals he was not considered eligible for relief from removal "because of the aggravated felony conviction."  (Doc. 3-1 Ex. A-1.)  Thus, the question arises whether, pursuant to the *Popal* decision, Petitioner may be eligible for some form of relief from removal for which he was previously considered precluded.

*Chikonyera v. Ashcroft*, Civ. A. No. 3:04-CV-1366, (M.D. Pa. Aug. 4, 2005) (order requesting status report).  In their Supplemental Status Report, the respondents indicated that this matter would be considered by the Board.  *See* Supplemental Status Report at 4, *Chikonyera v. Ashcroft*, Civ. A. No. 3:04-CV-1366.

Petitioner objects to this determination, asserting that transferring the instant petition delays the processing of his petition and prejudices him because this Court is familiar with his claims.  (Doc. 5 at 2.)

28 U.S.C. § 2241(d) provides

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).  Since the amendment of this section in 1966 it has been the practice of the United States District Courts for the Middle, Western and Eastern Districts of Pennsylvania to transfer any habeas petition filed by a petitioner incarcerated in their respective districts which raises a challenge to a conviction or sentence to the district in which the sentencing court is located.

Here this policy indicates that this petition is properly transferred to the United States District Court for the Eastern

District of Pennsylvania.[4]  Petitioner's assertion that the interests of justice require that the case remain in this Court is without merit.  First, any delay experienced in transfer is no greater than in any other case.  It would render the statutory allowance of transfer meaningless if the minimal delay caused were to be considered counter to the interests of justice.  Here, we have expediently considered Petitioner's filing and the Magistrate Judge made his recommendation based upon his initial screening of the case.  Therefore, Petitioner's assertion that transfer delays processing of his petition does not override the propriety of transfer.

Second, Petitioner's federal habeas case is closed in this Court.  As discussed below, we have no further jurisdiction of the matters raised therein.  Therefore, there is no economy of judicial resources or timesaving to Petitioner if we were to retain jurisdiction.

Third, the issues raised in the instant Petition were not considered in Petitioner's § 2241 petition.  Therefore, the Court has no greater familiarity with his 2004 state court guilty plea

---

[4] Although in B.I.C.E. custody in York County Prison, Petitioner is still technically in state custody for purpose of a § 2254 petition.  Being on probation meets the "in custody" requirement for purposes of the habeas statute.  *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (citing *Mabry v. Johnson*, 467 U.S. 504, 507 n.3 (1984); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988).  Because Petitioner was sentenced to fifty-one days time served and twenty-four months less one day probation on October 31, 2004, his probationary period has not expired.

and sentence than would a court in the Eastern District.  In this situation, the reasons for transfer are equally applicable to this case as to one where the petitioner had not filed an earlier § 2241 petition in the transferring court.

Finally, although the issue of Petitioner's state court conviction being considered an "aggravated felony" will be reviewed by the Board of Immigration Appeals, this Court has no further jurisdiction over the matter.  *See supra* p. 3 n.3.  Insofar as Petitioner's closed § 2241 petition and the matters currently under consideration with the Bureau of Immigration Appeals challenge Petitioner's final order of removal, the Third Circuit Court of Appeals has exclusive jurisdiction of any further consideration pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231.[5]  *See* Respondent's Supplemental Status Report at 3 n.2, *Chikonyera v. Ashcroft*, Civ. A. No. 3:04-CV-1366.

For all of the above reasons, we conclude that Petitioner will not be prejudiced by transfer of the instant petition to the Eastern District of Pennsylvania.  We therefore adopt the Magistrate Judge's Report and Recommendation and transfer this case pursuant to 28 U.S.C. §2241(d).

### III.  Conclusion

As discussed above, we adopt the Magistrate Judge's Report and

---

[5] The REAL ID Act mandates that all claims regarding final orders of removal must be decided by the applicable circuit court of appeals.

6

Recommendation, (Doc. 4), and transfer this case to the United States District Court for the Eastern District of Pennsylvania.  An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: August 23, 2005

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
VENGAI CHIKONYERA,                   :
                                     :
        Petitioner,                  :CIVIL ACTION NO. 3:05-CV-1366
                                     :
        v.                           :(JUDGE CONABOY)
                                     :(Magistrate Judge Blewitt)
Chester County District Attorney,    :
et al.,                              :
                                     :
        Respondents.                 :
                                     :
_____
```

**ORDER**

AND NOW, THIS 23 rd DAY OF AUGUST 2005, FOR THE REASONS SET FORTH IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation, (Doc. 4), is ADOPTED:;

2. This case is TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania;

3. The Clerk of Court is directed to close this case.

                                              S/Richard P. Conaboy
                                              RICHARD P. CONABOY
                                              United States District Judge